UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: <br> 8103 S. Halsted, Inc. <br><br><br> Debtor(s) | BK No.: 14-04243 <br><br> Chapter: 11 <br> Honorable Jacqueline Cox |

## Agreed Final ORDER AUTHORIZING USE OF CASH COLLATERAL

THIS CAUSE coming on to be heard on the Debtor's motion to use cash collateral pursuant to Section 363 of the Bankruptcy Code; due notice having been given and the Court being advised in the premises;

IT IS HEREBY ORDERED:

1. For the period from March 25, 2014, through confirmation of a plan, dismissal, conversion, or appointment of a trustee, or further order of Court, the Debtor is authorized to use cash collateral of the Illinois Department of Revenue ("IDOR")and the Internal Revenue Service ("IRS") to pay the ordinary and necessary post petition expenses related to its retail operations, as provided in the budget attached to the Debtor's Motion to Authorize Use of Cash Collateral.

2. As adequate protection for its existing rights and its interest in the cash collateral, the use of which is authorized by this order, and to the extent that the use of the cash collateral results in any decrease in the value of IDOR's and IRS's liens in said cash collateral, IDOR and IRS are granted valid, perfected and enforceable post-petition replacement liens on all inventory and accounts owned by the Debtor, in its own name or in trust, to the same extent that they had perfected liens prepetition. IDOR's and IRS's post petition lien shall be superior in right to any other lien hereinafter created in favor of any other creditor unless IDOR or IRS, respectively, consents in writing or the Court orders otherwise. The replacement liens granted pursuant to this order shall be deemed perfected as against any and all third parties without regard to any applicable statute or other non-bankruptcy law regarding filing or recording, and shall be deemed perfected as of February 11, 2014, to the same extent that IDOR's and IRS's pre-petition liens that are being replaced are valid, perfected and subsisting under applicable law.

3. As additional adequate protection of the security interest of IDOR and IRS, the Debtor shall pay $2,000.00 to IDOR on or before April 15, 2014 and on the 15th of each month thereafter, until further order of this Court, and shall pay $500.00 to IRS on or before April 15, 2014 and on the 15th of each month thereafter, until further order of this Court.

4. Nothing in this order shall determine the relative priority of the liens of IDOR and IRS.

5. The Court retains jurisdiction to determine the application of payments under this order to principal and interest regarding the claims of IDOR and IRS.

6. Nothing in this order shall limit the right of IDOR or IRS to (a) file a motion to dismiss or convert this bankruptcy case; (b) file a motion for relief from the automatic stay; (c) file a motion for appointment of a trustee or examiner; or (d) seek any other relief that is not prohibited by the terms of this order.

Rev: 20120209_bko

Enter: *Jacqueline P. Cox*
J.Cox

United States Bankruptcy Judge

Dated: 3-26-14

**Prepared by:**
David P. Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL 60525
708-937-1264
Fax: 708-937-1265

Rev: 20120209_bko